# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNIELLE P. BOLINSKY, | : | |
|    Plaintiff | : | |
| vs. | : | No. |
| | : | |
| CLAYTON HOMES, INC. FLEXIBLE | : | Civil Action |
| COMPENSATION PLAN, | : | |
| CLAYTON HOMES, INC., and | : | |
| CMH Homes, Inc. | : | Jury Trial Demanded |
|    Defendants | : | |

To: **Defendant Clayton Homes, Inc. Flexible Compensation Plan**

You are hereby summoned and required to serve upon **Timothy A.B. Reitz, Esquire,** Plaintiff's Attorney, whose address is **Lepley, Engelman & Yaw, 320 Market Street, Lewisburg, Pennsylvania, 17837** an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

_____

_____
(By) Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNIELLE P. BOLINSKY, | : | |
|    Plaintiff | : | |
| vs. | : | No. |
| | : | |
| CLAYTON HOMES, INC. FLEXIBLE | : | Civil Action |
| COMPENSATION PLAN, | : | |
| CLAYTON HOMES, INC., and | : | |
| CMH Homes, Inc. | : | Jury Trial Demanded |
|    Defendants | : | |

To: **Defendant Clayton Homes, Inc.**

You are hereby summoned and required to serve upon **Timothy A.B. Reitz, Esquire,** Plaintiff's Attorney, whose address is **Lepley, Engelman & Yaw, 320 Market Street, Lewisburg, Pennsylvania, 17837** an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

_____

_____
(By) Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNIELLE P. BOLINSKY, | : | |
|    Plaintiff | : | |
|    vs. | : | No. |
| | : | |
| CLAYTON HOMES, INC. FLEXIBLE | : | Civil Action |
| COMPENSATION PLAN, | : | |
| CLAYTON HOMES, INC., and | : | |
| CMH Homes, Inc. | : | Jury Trial Demanded |
|    Defendants | : | |

To: **Defendant CMH Homes, Inc.**

You are hereby summoned and required to serve upon **Timothy A.B. Reitz, Esquire,** Plaintiff's Attorney, whose address is **Lepley, Engelman & Yaw, 320 Market Street, Lewisburg, Pennsylvania, 17837** an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

_____

_____
(By) Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNIELLE P. BOLINSKY, | : | |
|    Plaintiff | : | |
| vs. | : | No. |
| | : | |
| CLAYTON HOMES, INC. FLEXIBLE | : | Civil Action |
| COMPENSATION PLAN, | : | |
| CLAYTON HOMES, INC., and | : | |
| CMH Homes, Inc. | : | Jury Trial Demanded |
|    Defendants | : | |

## **COMPLAINT**

**AND NOW COMES**, Plaintiff Dannielle Bolinsky, by and through her attorney Timothy A.B. Reitz, Esquire and files and serves upon the Defendants the following Complaint, and in support thereof, avers the following:

1. Plaintiff Dannielle Bolinsky is an adult individual residing at City of Lewisburg, County of Union, Commonwealth of Pennsylvania.

2. Defendant Clayton Homes, Inc. Flexible Compensation Plan is the applicable Section 502 ERISA Plan.

3. Defendant Clayton Homes, Inc. is a Tennessee corporation with a principal place of business of 5000 Clayton Road, City of Maryville, County of Blount, State of Tennessee.

4. Defendant CMH Homes Inc. is a Tennessee corporation with its principal place of business of 5000 Clayton Road, City of Maryville, County of Blount, State of Tennessee.

5. At all times relevant hereto, Defendant CMH Homes, Inc. was doing business as the fictitious name of Clayton Homes, Inc.

6. At all times relevant hereto, Plaintiff paid and/or contributed monetary payment to purchase a self-funded health care contract administered by Defendant.

7. Thus at all times relevant hereto Plaintiff and Defendant were in privity of contract.

8. Prior to September 3, 2002, Plaintiff sustained a tear of the meniscus.

9. A surgery was performed to repair the injury on above stated date.

10. Prior to March 14, 2004 Plaintiff sustained another tear of the meniscus in different area of the cartilage.

11. Said injury was the result of an accident at work.

12. Surgery was performed to repair the injury on above stated date.

13. Prior to February 4, 2005, Plaintiff sustained another tear of the meniscus in a different area of the cartilage from the two previous tears.

14. The injury did not occur on her employer's premises or during the performance of employment obligations.

15. The injury was not in anyway connected to her previous work injury.

16. Surgery was performed on February 4, 2005 at Geisinger Hospital.

17. Plaintiff caused the bill to be submitted to Defendant.

18. Defendant denied payment of the bill based on "preexisting condition" and referred Plaintiff to her workman's compensation insurer.

19. Plaintiff's workman's compensation insurer denied the claim as not a preexisting condition as the tear was in a different location on the meniscus.

20. Geisinger Medical Center filed suit against Plaintiff for payment of the bills.

21. On or about September 8, 2006 Plaintiff spoke with an agent of Defendant's, Sheri P at extension 8826, who instructed Plaintiff to resubmit the bills and the bills would be paid.

22. Thus on or about September 8, 2006 Defendant by and through its agents, servants, and/or employees affirmed the debt owed.

23. On October 8, 2006 Plaintiff spoke with Defendant's agent Edith T. who informed Plaintiff the bills were approved.

24. At Plaintiff's request Edith T., Defendant's agent, contacted Geisinger Medical Center and informed the billing department the bills were approved.

25. Following this verbal approval which Plaintiff and Geisinger relied upon Defendant denied the bills.

26. Plaintiff demands a jury trial.

# COUNT I
## DANNIELLE BOLINSKY vs. CLAYTON HOMES, INC.
## FLEXIBLE COMPENSATION PLAN
## BREACH OF CONTRACT

27. Plaintiff incorporates by reference averments 1-26 inclusive, as though fully set forth at length herein.

28. The Plaintiff suffered a torn meniscus which surgery was performed on February 4, 2005.

29. The loss suffered by the Plaintiff was covered by the above-mentioned policy, which was in effect at the time of the loss.

30. As a result of the injuries Plaintiff incurred medical bills payable to:

    a. Geisinger Medical Center; and

    b. Sunbury Community Hospital.

31. Defendant through as administrator for an ERISA qualified plan was the first party medical benefits.

32. The Defendant as the administrator of an ERISA qualified plan is now obligated to pay the above referenced medical bill for medical treatment of the Plaintiff.

33. Despite repeated efforts by the Plaintiff to submit these bill and have the same paid by the Defendant.

34. After Defendant denied said bills, Defendant later affirmed the debt and conveyed said affirmation to Geisinger Medical Center.

35. Plaintiff has fully complied with all the terms and conditions of the insurance policy and has performed all conditions precedent thereto.

36. Since Defendant's affirmation of the debt owed, Defendant has refused to pay the same.

37. Plaintiff incurred medical bills in excess of Six Thousand Four Hundred Thirteen Dollars.

38. All of the above losses suffered by the Plaintiff were losses covered under the ERISA qualified plan referred to above.

39. As a result of Defendant's failure to pay under benefits, Plaintiff was sued by Geisinger Medical Center for unpaid bills and suffered judgment and court costs.

40. Plaintiff will continued to suffer and incur legal fees and court costs into the indefinite future as a result of her attempts to enforce Defendant's contractual obligation to make payment of benefits.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment against the Defendant and in favor of the Plaintiff for compensatory damages in an amount of her medical bills, previous court fees, current court fees, attorney fees and any other remedy available under Title 29.

# COUNT II
## DANNIELLE BOLINSKY vs. CLAYTON HOMES, INC.
## BREACH OF CONTRACT

41. Plaintiff incorporates by reference averments 1-40 inclusive, as though fully set forth at length herein.

42. The Plaintiff suffered a torn meniscus which surgery was performed on February 4, 2005.

43. The loss suffered by the Plaintiff was covered by the above-mentioned policy, which was in effect at the time of the loss.

44. As a result of the injuries Plaintiff incurred medical bills payable to:

    c. Geisinger Medical Center; and

    d. Sunbury Community Hospital.

45. Defendant through as administrator for an ERISA qualified plan was the first party medical benefits.

46. The Defendant as the administrator of an ERISA qualified plan is now obligated to pay the above referenced medical bill for medical treatment of the Plaintiff.

47. Despite repeated efforts by the Plaintiff to submit these bill and have the same paid by the Defendant.

48. After Defendant denied said bills, Defendant later affirmed the debt and conveyed said affirmation to Geisinger Medical Center.

49. Plaintiff has fully complied with all the terms and conditions of the insurance policy and has performed all conditions precedent thereto.

50. Since Defendant's affirmation of the debt owed, Defendant has refused to pay the same.

51. Plaintiff incurred medical bills in excess of Six Thousand Four Hundred Thirteen Dollars.

52. All of the above losses suffered by the Plaintiff were losses covered under the ERISA qualified plan referred to above.

53. As a result of Defendant's failure to pay under benefits, Plaintiff was sued by Geisinger Medical Center for unpaid bills and suffered judgment and court costs.

54. Plaintiff will continued to suffer and incur legal fees and court costs into the indefinite future as a result of her attempts to enforce Defendant's contractual obligation to make payment of benefits.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment against the Defendant and in favor of the Plaintiff for compensatory damages in an amount of her medical bills, previous court fees, current court fees, attorney fees and any other remedy available under Title 29.

## COUNT III
## DANNIELLE BOLINSKY vs. CMH HOMES, INC.
## BREACH OF CONTRACT

55. Plaintiff incorporates by reference averments 1-54 inclusive, as though fully set forth at length herein.

56. The Plaintiff suffered a torn meniscus which surgery was performed on February 4, 2005.

57. The loss suffered by the Plaintiff was covered by the above-mentioned policy, which was in effect at the time of the loss.

58. As a result of the injuries Plaintiff incurred medical bills payable to:

    e. Geisinger Medical Center; and

    f. Sunbury Community Hospital.

59. Defendant through as administrator for an ERISA qualified plan was the first party medical benefits.

60. The Defendant as the administrator of an ERISA qualified plan is now obligated to pay the above referenced medical bill for medical treatment of the Plaintiff.

61. Despite repeated efforts by the Plaintiff to submit these bill and have the same paid by the Defendant.

62. After Defendant denied said bills, Defendant later affirmed the debt and conveyed said affirmation to Geisinger Medical Center.

63. Plaintiff has fully complied with all the terms and conditions of the insurance policy and has performed all conditions precedent thereto.

64. Since Defendant's affirmation of the debt owed, Defendant has refused to pay the same.

65. Plaintiff incurred medical bills in excess of Six Thousand Four Hundred Thirteen Dollars.

66. All of the above losses suffered by the Plaintiff were losses covered under the ERISA qualified plan referred to above.

67. As a result of Defendant's failure to pay under benefits, Plaintiff was sued by Geisinger Medical Center for unpaid bills and suffered judgment and court costs.

68. Plaintiff will continued to suffer and incur legal fees and court costs into the indefinite future as a result of her attempts to enforce Defendant's contractual obligation to make payment of benefits.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment against the Defendant and in favor of the Plaintiff for compensatory damages in an amount of her medical bills, previous court fees, current court fees, attorney fees and any other remedy available under Title 29.

Respectfully submitted:
Lepley, Engelman & Yaw, LLC


/s/Timothy A.B. Reitz
Timothy A.B. Reitz, Esquire
Attorney for Plaintiff
Attorney ID# 94707
320 Market Street
Lewisburg, PA 17837
(570) 522-0505
Timr@lepleylaw.com

REQUEST FOR TRIAL BY JURY

      Pursuant to Rule of Civil Procedure 38 B, a trial by jury is requested for all issues.

                                        /s/ Timothy A.B. Reitz  
                                        Timothy A.B. Reitz, Esquire  
                                        Attorney for Plaintiff  
                                        Attorney ID #94707  
                                        320 Market Street  
                                        Lewisburg, PA 17837  
                                        (570) 522-0505  
                                        Timr@lepleylaw.com